IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHN THOMAS McREYNOLDS, JR.                                    PLAINTIFF

V.                                                CIVIL CAUSE NO. 1:24-cv-173-DAS

VAULT E&S INSURANCE COMPANY                                   DEFENDANT

ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY INTERLOCUTORY APPEAL

Before the Court is Plaintiff's Motion to Certify Interlocutory Appeal [93], which has been fully briefed and is ripe for review. Plaintiff seeks certification of two orders entered on May 12, 2026: (1) the Court's Memorandum Opinion and Order granting in part and denying in part Defendant's motion to exclude the opinions of Allison Ship Berry; and (2) the Court's Memorandum Opinion and Order granting in part and denying in part Defendant's motion for summary judgment. Having considered the motion, the response, the reply, and the authorities cited therein, the Court concludes that certification is not warranted.

28 U.S.C. § 1292(b) creates a narrow exception to the general rule that appellate review is available only after entry of a final judgment. Certification is appropriate only when the district court is of the opinion that an order involves a controlling question of law, that substantial ground for difference of opinion exists concerning that question, and that an immediate appeal may materially advance the ultimate termination of the litigation. The statute is to be used sparingly and reserved for exceptional circumstances.

Regarding Berry, Plaintiff characterizes the issue as a controlling legal question concerning whether a vocational expert may rely upon and quantify practice-derived earnings information in formulating an opinion regarding diminished earning capacity for a physician whose income is generated through an S-corporation. Plaintiff argues that courts have reached

differing conclusions regarding the extent to which vocational experts may offer monetary loss calculations and contends that the Court's ruling significantly narrows his damages proof.

The Court is not persuaded that the Berry ruling presents a controlling question of law within the meaning of § 1292(b). The ruling at issue arose from the Court's exercise of its gatekeeping responsibilities under Federal Rule of Evidence 702. In reaching that decision, the Court examined Dr. Berry's qualifications, the nature of her proposed opinions, the methodology she employed, and the specific facts of the case. The Court ultimately concluded that certain opinions fell within her expertise while others did not and that portions of her methodology were insufficiently reliable to satisfy Rule 702. That determination was inherently fact-intensive and case-specific. It did not establish or resolve a novel legal rule governing all vocational experts, nor did it involve the interpretation of an unsettled statutory provision. Rather, it represented the application of settled Rule 702 principles to a particular expert and a particular record.

Nor does the Court find that the Berry ruling presents a controlling question of law merely because it affects the scope of the Plaintiff's damages evidence. As Defendant correctly notes, the Fifth Circuit recently emphasized that damages issues generally do not control a case before lability has been established. *See Silverthorne Seismic, L.L.C. v. Sterling Seismic Services, Ltd.*, 125 F.4th 593, 599 (5th Cir. 2025). Even if an appellate court were ultimately to disagree with the Court's evidentiary ruling, Plaintiff would still be required to prevail on his remaining claims before the excluded damages evidence could become consequential. *Id.* The contingent nature of the issue weighs heavily against a finding that the ruling presents a controlling question of law.

The Court likewise concludes that Plaintiff has failed to establish a substantial ground for difference of opinion regarding the Berry ruling. Plaintiff candidly acknowledges that he has

identified no Mississippi or Fifth Circuit authority directly supporting his position. Instead, he relies primarily on decisions from other jurisdictions reaching varying outcomes under different factual circumstances. While those cases demonstrate that courts may occasionally draw different lines when assessing vocational testimony, they do not establish an unsettled question of controlling law within this circuit. More importantly, the cited decisions largely reflect the exercise of individual trail courts' gatekeeping authority under differing records. *See Reinfeld v. Hutcheson*, 783 N.W.2d 284, 292 (S.D. 2010); *Southard v. Belanger*, 966 F. Supp. 2d 727, 737 (W.D. Ky. 2013); *Dackman v. Robinson*, 211 A.3d 307 (Md. App. 2019). Disagreement among courts applying Rule 702 to different experts and different facts does not itself create the type of substantial legal uncertainty contemplated by § 1292(b).

Plaintiff also seeks certification of the Court's order granting summary judgment on his bad-faith and punitive-damages claims. Plaintiff argues the ruling presents a controlling legal question concerning whether Vault's conduct, as reflected in the summary-judgment record, could constitute an arguable basis as a matter of law or whether competing reasonable inferences required submission of the issue to a jury.

Again, the Court disagrees that ruling presents a controlling legal question suitable for interlocutory review. Mississippi law governing bad-faith insurance claims and the arguable basis standard is well established. The parties do not dispute the governing legal framework. Rather, they dispute the Court's application of that framework to the factual record presented on summary judgment.

Plaintiff's motion itself confirms that reality. Much of the motion is devoted to recounting the chronology of the parties' communications, the timing of Vault's requests for information, and Plaintiff's contention that Vault engaged in unreasonable delay. Those

arguments are directed toward the Court's evaluation of the evidence, not toward any unsettled legal principle. The Court previously considered the evidence in the light most favorable to Plaintiff and concluded that Vault possessed at least an arguable basis for its actions. Plaintiff's disagreement with that conclusion does not transform the ruling into a controlling legal question.

Nor has Plaintiff demonstrated a substantial ground for difference of opinion concerning the bad-faith ruling. Plaintiff identifies no conflicting Mississippi authority regarding the governing legal standard. Indeed, both parties cite the same general principles recognizing that punitive damages may be available for unreasonable insurer conduct while remaining unavailable where the insurer possesses an arguable basis for its actions. Plaintiff's argument is ultimately that the Court should have reached a different conclusion on the facts. Section 1292(b), however, does not authorize interlocutory review simply because a party believes the Court incorrectly applied settled law to a particular record.

The third statutory requirement is likewise not satisfied. Immediate appeal would not materially advance the ultimate termination of this litigation. Regardless of the outcome of an interlocutory appeal, Plaintiff's breach-of-contract claim remains pending and must be tried. Reversal of either challenged ruling would not eliminate the need for trial, resolve the central liability dispute, or otherwise bring the litigation substantially closer to termination. At most, a successful appeal could affect the scope of available damages, the admissibility of certain evidence, or the availability of additional claims. Those consequences may be significant, but they do not materially advance termination of the litigation as contemplated by § 1292(b).

Plaintiff argues that immediate review could avoid the possibility of a second trial if the challenged rulings were later reversed after final judgment. That possibility exists in many cases involving evidentiary rulings or partial summary judgments. If such concerns alone justified

certification, interlocutory appeals would become commonplace rather than exceptional. Section 1292(b) demands more. It requires a showing that immediate review is likely to appreciably shorten the litigation itself. Because trial on the breach-of-contract claim will be required regardless of the outcome of any interlocutory review, that showing has not been made here.

Finally, even assuming for purposes of argument that Plaintiff had satisfied one or more of the statutory factors, certification would remain inappropriate. The Court retains substantial discretion under § 1292(b), and the circumstances presented do not warrant departure from the ordinary rule that appellate review should await final judgment. The issues identified by Plaintiff may be fully preserved for review following trial, and appellate consideration at that time can occur upon a complete record.

Accordingly, the Court finds that Plaintiff has failed to demonstrate that either challenged order involves a controlling question of law, that substantial ground for difference of opinion exists regarding either ruling, or that immediate appeal would materially advance the ultimate termination of this litigation. Plaintiff's Motion to Certify Interlocutory Appeal [93] is therefore **DENIED**.

SO ORDERED, this the 23rd day of June, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE