IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHN THOMAS McREYNOLDS, JR. PLAINTIFF

V. CIVIL CAUSE NO. 1:24-cv-173-DAS

VAULT E&S INSURANCE COMPANY DEFENDANT

ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE LATE NOTICE DEFENSE [88]

Before the Court is Plaintiff's Motion in Limine to Exclude Any Late-Notice Defense, Argument, or Evidence, which has been fully briefed. Having considered the parties' submissions, the Court's prior rulings, and the applicable law, the Court concludes that the motion should be denied.

Plaintiff asks the Court to prohibit Vault from presenting any evidence or argument that Plaintiff failed to provide timely notice of his claim under the policy. Plaintiff advances two principal arguments. First, he contends that Vault abandoned or waived the defense by failing to pursue it through dispositive-motion practice. Second, he argues that the record establishes timely notice as a matter of law or, alternatively, does not support a viable late-notice defense. Neither argument warrants exclusion of the defense *in limine*.

I. Preservation of the Defense

Plaintiff first argues that Vault abandoned its late-notice defense because, although the defense appeared in Vault's Answer, Vault did not seek dismissal or summary judgment on that ground. The Court is not persuaded.

Vault expressly pleaded as its Fourth Defense that Plaintiff's claims were barred by his alleged failure to comply with the notice condition precedent contained in the policy. Plaintiff therefore had notice from the pleading stage that Vault disputed compliance with the policy's

notice requirements. Plaintiff identifies no controlling authority establishing that an affirmative defense expressly pleaded in an answer is waived merely because the defendant elects not to seek summary judgment on that defense. Rule 56 permits a party to seek summary judgment where the applicable standard is satisfied; it does not generally require a defendant to move for summary judgment on every affirmative defense it intends to preserve for trial.

The authorities upon which Plaintiff relies do not compel a different conclusion. The condition-precedent cases cited by Plaintiff involved circumstances in which the defense itself had not been pleaded with sufficient specificity. *See Pike Co., Inc. v. Universal Concrete Prod., Inc.*, 616 F. Supp. 3d 253, 259-60 (W.D. N.Y. 2022); *Digital Ally, inc. v. Z3 Technology, LLC*, 2010 WL 3974674, at * 3 (D. Kan. Sept. 30, 2010). Here, Vault expressly identified the notice condition as the contractual provision Plaintiff allegedly failed to satisfy. Likewise, cases addressing waiver of contractual arbitration rights after substantial participation in litigation do not establish that an expressly pleaded insurance-policy defense is forfeited simply because the defendant does not seek dispositive relief upon it.

Nor does the Court's prior summary-judgment ruling operate as an implicit adjudication of the notice defense. Vault's summary-judgment motion presented other grounds for judgment. The Court ruled upon those grounds. Its denial of summary judgment as to the breach-of-contract claim did not adjudicate an affirmative defense that was not presented for decision. Accordingly, the Court declines to hold that Vault abandoned or waived its late-notice defense merely by failing to move for summary judgment on it.

II. Merits of the Notice Issue

Plaintiff alternatively asks the Court to exclude the defense because, in his view, the undisputed record establishes timely notice. The parties' submissions demonstrate that the notice issue is not so straightforward.

Plaintiff points to communications occurring in June 2022 between his counsel and NFP Property & Casualty Services, Inc. He contends those communications constituted timely notice through the reporting channel identified in the policy and that notice to NFP should be attributed to Vault. Vault disputes that characterization. According to Vault, the June 2022 correspondence referenced a different insurer, NFP requested additional information necessary to report the claim to Vault, and that information was not thereafter supplied. Vault contends it did not receive notice of the claim until February 2024, after Plaintiff had resolved his claims against the tortfeasor's insurer and State Farm.

Those competing positions raise factual and legal questions concerning the content of the communications, NFP's role, the requirements imposed by the policy, and whether Plaintiff's actions satisfied those requirements. A motion *in limine* is not the appropriate vehicle for resolving those disputed matters.

Plaintiff further argues Vault must establish prejudice resulting from any untimely notice before late notice can affect coverage. The Court need not finally determine the substantive elements of Vault's notice defense in ruling upon this motion. The question presently before the Court is whether Vault should be prohibited altogether from offering evidence or argument concerning notice. Plaintiff has not demonstrated that such a categorical exclusion is warranted.

To the extent Mississippi law requires Vault to establish prejudice, excusability, or some additional element before late notice may defeat coverage, Vault will bear whatever burden the governing law imposes. The parties may address the appropriate legal standard in connection

with the jury instructions or other appropriate pretrial proceedings. Denial of the present motion should not be construed as holding that untimely notice, standing alone, necessarily defeats Plaintiff's claim. Likewise, the Court does not presently determine whether NFP acted as Plaintiff's agent, Vault's agent, or in some other capacity relevant to the notice inquiry. The parties sharply dispute that issue, and the record presented in connection with this motion does not warrant resolving it as a matter of law.

III. Relationship to the Court's Prior Rulings

The Court recognizes that Plaintiff's bad-faith and punitive-damages claims have been dismissed and that the reasonableness of Vault's claims handling is no longer an issue for trial. The Court's denial of this motion does not reopen those claims.

Evidence concerning notice may be presented insofar as it bears upon Plaintiff's compliance with the insurance contract and Vault's preserved notice defense. It may not be used merely as a vehicle for retrying the reasonableness, speed, or adequacy of Vault's claim investigation. The distinction is between Plaintiff's contractual performance, which may remain relevant, and Vault's alleged claim-handling misconduct, which does not. For the foregoing reasons, Plaintiff's Motion in Limine to Exclude Any Late-Notice Defense, Argument, or Evidence is DENIED.

SO ORDERED, this the 1st day of October, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE