IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHN THOMAS McREYNOLDS, JR. PLAINTIFF

V. CIVIL CAUSE NO. 1:24-cv-173-DAS

VAULT E&S INSURANCE COMPANY DEFENDANT

ORDER REGARDING PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CLAIMS HANDLING EVIDENCE AND SUPERSEDED DAMAGES FIGURES [86]

Before the Court is Plaintiff's Motion in Limine to Exclude Irrelevant Claim-Handling Evidence and Superseded Damages Figures, which has been fully briefed. Having considered the parties' submissions, the Court's prior rulings, and the applicable law, the Court concludes that the motion should be granted in part and denied in part.

Plaintiff seeks exclusion of three general categories of evidence: the timing of his notice of the claim to Vault; evidence concerning his production of financial information during Vault's investigation; and prior or superseded expert reports, calculations, or damages figures reflecting losses greater than those presently asserted at trial. The Court addresses the claim-history evidence and the prior damages figures separately.

I. Notice, Cooperation, and Claims-Handling Evidence

The Court previously granted summary judgment to Vault on Plaintiff's bad-faith and punitive-damages claims. The Court concluded that Vault possessed at least an arguable basis for its handling of Plaintiff's claim and that the record did not support an independent tort based upon Vault's investigation or delay. The Court has since denied interlocutory review of those rulings. Accordingly, the reasonableness or propriety of Vault's claims-handling conduct is not an issue for the jury. That conclusion does not, however, render every fact appearing in the claim history inadmissible.

Vault asserts that the policy required Plaintiff to provide timely notice and to cooperate in the investigation of the claim, and Vault pleaded Plaintiff's alleged noncompliance with those obligations as defenses to the breach-of-contract claim. Evidence bearing upon whether Plaintiff satisfied conditions imposed upon him by the policy concerns Plaintiff's contractual performance, not merely whether Vault acted in bad faith.

The Court therefore declines to prohibit all evidence concerning when Plaintiff gave notice of his claim or whether he supplied information required under the policy. The date upon which Vault received notice may also be relevant simply to provide an accurate chronology of the contractual relationship and alleged breach. Plaintiff may not present the jury with the impression that Vault had been withholding benefits since the date of the 2022 accident if Vault did not receive the claim until a later date. Likewise, if Vault contends that Plaintiff failed to comply with a contractual duty to provide information or cooperate with the investigation, Vault may present otherwise admissible evidence bearing directly on that defense.

But the permissible use of such evidence is limited. The jury will not be asked to decide whether Vault investigated quickly enough, requested too many documents, should have completed its investigation sooner, or acted reasonably or unreasonably in processing the claim. Those issues relate to the dismissed bad-faith claim. Nor may Vault use evidence of its document requests and investigation history merely to place before the jury the argument that its claims-handling conduct was reasonable. The Court has already resolved that issue for purposes of the claims that depended upon it.

The distinction is therefore between evidence offered to establish a contractual fact or defense and evidence offered to justify Vault's claims-handling conduct. Vault may establish when notice was received and may present competent evidence tending to show that Plaintiff did

or did not comply with a policy obligation relevant to the remaining contract claim. Vault may not turn those matters into a broader narrative concerning the adequacy, duration, or reasonableness of its investigation.

The Court also declines, in the context of this motion *in limine*, to determine whether Plaintiff complied with the notice provision as a matter of law. Plaintiff's reply advances factual and legal arguments concerning notice allegedly provided to NFP in June 2022, the significance of NFP's role under the policy, and whether Vault must establish prejudice from any delay. Those issues go beyond the evidentiary question presented by the motion and are not appropriately resolved through a motion *in limine*.

Accordingly, Plaintiff's motion is denied to the extent it seeks categorical exclusion of the date of notice and competent evidence bearing upon compliance with contractual notice or cooperation provisions. The motion is granted to the extent it seeks to prohibit use of that evidence to retry the dismissed bad-faith claim or litigate the reasonableness of Vault's claims-handling conduct.

II. Prior and Superseded Damages Figures

Plaintiff next seeks exclusion of earlier reports, calculations, and damages figures, particularly those associated with vocational expert Allison Shipp Berry. The Court previously ruled that Berry may testify concerning Plaintiff's vocational impairment, physical work restrictions, loss of access to the labor market, transferable skills, occupational change, and diminished earning capacity. The Court excluded her opinions concerning alleged net-income losses suffered by McReynolds Anesthesia, P.A., including business-income damages derived from the practice's profit-and-loss statements.

That ruling remains controlling. Vault may not use cross-examination as a means of placing before the jury opinions or calculations that the Court has already determined are inadmissible. In particular, Vault may not publish excluded business-income-loss figures to the jury or invite the jury to consider those figures as evidence merely because they appeared in an earlier Berry report.

The Court does not agree, however, that every opinion or calculation contained in Berry's earlier report is categorically inadmissible. Vault represents that Plaintiff served Berry's initial letter as part of his Rule 26 expert disclosures in this litigation and that both the initial and supplemental reports contain opinions or methodologies falling within the scope of testimony the Court has permitted. To the extent Berry previously expressed an admissible vocational opinion that materially differs from an opinion she intends to offer at trial, such a prior opinion may bear upon the basis, consistency, or credibility of her present testimony.

The Court therefore will not prevent legitimate cross-examination concerning prior opinions merely because they have since been modified or supplemented. An expert who materially changes an admissible opinion is not insulated from inquiry into that change simply because the later opinion is the one ultimately offered at trial.

The scope of that examination must nevertheless remain consistent with the Court's prior rulings and the Federal Rules of Evidence. First, Vault may not introduce excluded business-loss opinions or figures as substantive evidence. Second, Vault may not use damages figures contained solely in protected compromise negotiations for the prohibited purpose of proving or disproving the amount of Plaintiff's claim or impeaching Plaintiff through a prior settlement position. Rule 408 expressly restricts such use. Third, the mere fact that an earlier calculation produced a larger number does not automatically make that number admissible. The relevant

inquiry is whether the earlier material reflects an opinion or methodology properly attributable to the witness and bearing upon an admissible opinion she now offers. Cross-examination directed merely toward showing the jury that Plaintiff once sought more money, particularly through a settlement demand, risks introducing precisely the collateral settlement evidence the Rules seek to exclude.

Accordingly, Vault may cross-examine Berry concerning prior admissible vocational opinions, assumptions, methodologies, or calculations that are materially inconsistent with the admissible opinions she presents at trial. Vault may not, however, publish to the jury excluded business-loss calculations, use settlement-demand figures merely to demonstrate that Plaintiff previously sought a greater recovery, or otherwise use cross-examination to circumvent the Court's prior Rule 702 ruling. If Vault intends to use a particular prior Berry calculation or portion of an earlier report during cross-examination and its admissibility is uncertain under these limitations, counsel shall raise the matter with the Court outside the presence of the jury before referring to the disputed figure.

For the foregoing reasons, Plaintiff's Motion in Limine to Exclude Irrelevant Claim-Handling Evidence and Superseded Damages Figures is GRANTED IN PART and DENIED IN PART. Counsel shall raise any close question concerning the permissible use of claim-history evidence or a particular prior damages calculation with the Court outside the presence of the jury before presenting that matter to the jury.

SO ORDERED, this the 1st day of October, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE