IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHN THOMAS McREYNOLDS, JR. PLAINTIFF

V. CIVIL CAUSE NO. 1:24-cv-173-DAS

VAULT E&S INSURANCE COMPANY DEFENDANT

ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CUMULATIVE MEDICAL BILLS AND COLLATERAL SOURCE PAYMENTS [84]

Before the Court is Plaintiff's Motion in Limine to Exclude Cumulative Medical Bills and Any Reference to Collateral-Source Payments, which has been fully briefed. Having considered the parties' submissions and the applicable law, the Court concludes that the motion should be granted, subject to the qualifications stated below.

Plaintiff represents that he intends to offer a summary of his medical expenses pursuant to Federal Rule of Evidence 1006 rather than individually introduce the underlying medical bills. He therefore asks the Court to prohibit Vault from presenting medical bills or billing records that merely duplicate the information contained in an admissible Rule 1006 summary. Plaintiff separately seeks exclusion of references contained in such records to health-insurance payments, adjustments, write-offs, reductions, reimbursements, or other collateral-source payments.

Vault does not expressly oppose the requested relief. Instead, Vault states that it has not yet seen Plaintiff's proposed Rule 1006 summary and reserves the right to object to that summary at trial, including on the ground that it may contain expenses associated with treatment records not produced during discovery. The parties' positions therefore substantially overlap.

Rule 1006 permits a party, upon satisfaction of the Rule's requirements, to use a summary, chart, or calculation to prove the content of voluminous writings that cannot conveniently be examined in court. Whether Plaintiff's proposed medical-expense summary

satisfies those requirements is not presently before the Court. Vault remains free to challenge the summary's admissibility, foundation, accuracy, completeness, or inclusion of particular expenses on any proper evidentiary ground.

But if Plaintiff establishes the admissibility of a Rule 1006 summary and the Court permits its use, introduction of the underlying medical bills merely to repeat the same expense information may be needlessly cumulative. Federal Rule of Evidence 403 permits exclusion of otherwise relevant evidence where its probative value is substantially outweighed by, among other things, the danger of needlessly presenting cumulative evidence.

Accordingly, if Plaintiff's Rule 1006 summary is admitted, Vault may not thereafter introduce or publish individual medical bills solely to duplicate the expense information contained in that summary. This ruling does not prohibit Vault from examining the underlying records, using those records to test the accuracy or completeness of the summary, or seeking admission of a particular bill for a distinct and otherwise permissible evidentiary purpose. If Vault contends that a specific underlying bill should be presented to the jury for such a purpose, counsel shall raise the issue with the Court outside the presence of the jury.

Plaintiff separately seeks exclusion of references to payments, adjustments, reductions, write-offs, reimbursements, or other benefits supplied by health insurance or another collateral source. Vault does not meaningfully oppose that request.

Under Mississippi's collateral source rule, compensation received by an injured plaintiff from an independent source generally does not reduce the damages otherwise recoverable from a defendant. *See Chickaway v. United States*, 2012 WL 3236518 (S.D. Miss. Aug. 7, 2012). The rule also carries an evidentiary component designed to prevent the jury from reducing damages because it learns that some portion of an asserted loss was paid or absorbed by another source.

Accordingly, Vault may not introduce evidence or argument concerning payments made by Plaintiff's health insurer or another collateral source for the purpose of reducing Plaintiff's recoverable damages. Likewise, medical bills or billing records shown to the jury shall not contain references revealing insurance payments, third-party reimbursements, or other collateral-source benefits. The same treatment applies to billing entries reflecting contractual adjustments, reductions, or write-offs where their presentation would disclose or invite the jury to consider collateral-source information in determining Plaintiff's damages. *See id.* at *1-2. If a party contends that a particular entry of that nature is independently admissible for some purpose other than reducing damages because of a collateral payment or benefit, that party shall first raise the issue with the Court outside the presence of the jury.

Nothing in this Order prevents Vault from challenging whether a particular medical charge was actually incurred, whether the treatment was related to the accident, whether an expense is supported by the evidence produced in discovery, or whether Plaintiff's proposed Rule 1006 summary fairly and accurately summarizes admissible underlying records. Those are distinct evidentiary issues unaffected by the collateral source rule.

For the foregoing reasons, Plaintiff's Motion in Limine to Exclude Cumulative Medical Bills and Any Reference to Collateral-Source Payments is GRANTED.

If Plaintiff offers a Rule 1006 summary, Vault may assert any proper objection to the admissibility, foundation, contents, or accuracy of that summary. If the summary is admitted, underlying medical bills that merely duplicate the summarized expense information shall not be separately published or admitted before the jury absent a specific noncumulative evidentiary purpose. Any medical bill or billing record presented to the jury shall also be appropriately redacted to exclude references to health-insurance payments, collateral-source reimbursements,

adjustments, reductions, write-offs, or similar collateral-source information, unless the Court rules otherwise outside the presence of the jury.

SO ORDERED, this the 1st day of October, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE