IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHN THOMAS McREYNOLDS, JR. PLAINTIFF

V. CIVIL CAUSE NO. 1:24-cv-173-DAS

VAULT E&S INSURANCE COMPANY DEFENDANT

ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE "OTHER BUSINESS CAUSES" EVIDENCE [80]

Before the Court is Plaintiff's Motion *in Limine* to Exclude Speculative or Collateral "Other Business Causes" Evidence, which has been fully briefed. Having considered the parties' submissions, the Court's prior rulings, and the applicable law, the Court concludes the motion should be denied.

Following the Court's prior rulings, Plaintiff's breach-of-contract claim remains for trial. The central dispute concerns whether Plaintiff sustained covered damages exceeding the applicable underlying insurance and, more particularly, whether Plaintiff suffered a compensable diminution in his personal earning capacity or instead seeks recovery for losses attributable to his medical practice or otherwise excluded under the policy. The Court has denied interlocutory review of those prior rulings.

Plaintiff does not seek to exclude all evidence concerning McReynolds Anesthesia, P.A., or all evidence of alternative causes of Plaintiff's alleged economic loss. Instead, he asks the Court to prohibit Vault from introducing or referring to what he characterizes as speculative, remote, collateral, or otherwise untethered "other business causes" unless Vault first establishes, outside the presence of the jury, that the particular evidence is relevant, supported by admissible proof, and not subject to exclusion under Rule 403.

The Court agrees with Plaintiff's underlying premise that speculative or irrelevant evidence is inadmissible. But that proposition follows directly from the Federal Rules of Evidence and does not warrant the broader pretrial restriction Plaintiff requests. *See* Fed. R. Evid. 402.

The Court's prior ruling concerning vocational expert Allison Shipp Berry does not require a different result. In that ruling, the Court permitted Berry to testify concerning Plaintiff's vocational impairment, work restrictions, occupational change, and diminished earning capacity, but excluded her opinions calculating alleged losses to McReynolds Anesthesia, P.A. The Court concluded that Berry lacked demonstrated expertise in forensic accounting, business valuation, and economic-loss modeling and that the methodology employed in attributing changes in the practice's financial performance to the accident was insufficiently reliable. The Court also expressed concern that those particular opinions risked conflating Plaintiff's individual earning-capacity claim with the financial performance of a separate business entity.

That ruling addressed the admissibility of particular expert opinions under Rules 702 and 403. It did not hold that evidence concerning the financial condition, operations, contractual arrangements, or other circumstances of Plaintiff's medical practice is categorically irrelevant to the issues remaining for trial.

Indeed, some such evidence may bear directly on causation. Plaintiff contends that his injuries impaired his ability to perform interventional pain-management procedures and caused him to transition into a more administrative or supervisory role. Vault disputes the extent and cause of Plaintiff's alleged economic loss. Evidence tending to show that changes in Plaintiff's earnings resulted, in whole or in part, from identifiable changes in the structure or operation of

his medical practice rather than from his physical injuries may therefore be relevant to whether Plaintiff sustained the claimed loss of earning capacity.

The Court's summary-judgment ruling reflects the same distinction. The Court declined to hold as a matter of law that Plaintiff's alleged losses were purely business losses, but it likewise did not determine that changes in the practice were irrelevant. Rather, the Court concluded that competing factual interpretations concerning Plaintiff's earnings, his work activities, the practice's performance, and the causes of any reduction in income presented questions for the jury.

Plaintiff's proposed restriction would require the Court to determine in advance whether unspecified categories of business-related evidence are sufficiently connected to those issues before Vault may refer to them at trial. Without identification of the particular testimony, exhibit, business event, or alternative cause at issue, the Court cannot meaningfully conduct that analysis. The terms "speculative," "remote," "collateral," and "untethered" describe grounds upon which particular evidence may be challenged, but they do not identify a sufficiently discrete category of evidence appropriate for categorical exclusion *in limine*.

Nor does the Court find it appropriate to require Vault to obtain advance permission before introducing every item of evidence arguably relating to an alternative business cause. The ordinary operation of Rules 401, 402, 403, and 702 provides an adequate mechanism for addressing such evidence. If Vault attempts to introduce evidence lacking a sufficient connection to Plaintiff's alleged loss, Plaintiff may object. Likewise, evidence that would require disproportionate litigation of collateral business matters or create a substantial danger of confusing or misleading the jury may be excluded under Rule 403.

The denial of Plaintiff's motion should therefore not be understood as permitting Vault to speculate before the jury concerning unidentified business events or to suggest alternative causes unsupported by evidence. Counsel may not use opening statement, witness examination, or closing argument to advance factual theories for which there is no evidentiary foundation. Any alternative-causation theory must be supported by competent evidence and must bear a sufficient relationship to the issues the jury is called upon to decide.

But where Vault presents admissible evidence concerning a specific business development, contractual change, revenue source, practice arrangement, or other circumstance that reasonably bears on the source or extent of Plaintiff's alleged income loss, the Court will not exclude that evidence merely because it concerns the operations of McReynolds Anesthesia, P.A. The weight to be given such evidence, and whether it establishes an alternative explanation for Plaintiff's alleged economic loss, are matters for the jury.

Specific evidentiary disputes that arise at trial will be addressed in context. Where either party believes that particular evidence presents a substantial risk of introducing collateral matters or confusing the distinction between Plaintiff's personal earning-capacity claim and the financial performance of the medical practice, counsel may raise the matter with the Court outside the presence of the jury.

For the foregoing reasons, Plaintiff's Motion *in Limine* to Exclude Speculative or Collateral "Other Business Causes" Evidence is DENIED. This ruling is without prejudice to specific objections under the Federal Rules of Evidence at trial.

SO ORDERED, this the 1st day of October, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE