IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHN THOMAS McREYNOLDS, JR. PLAINTIFF

V. CIVIL CAUSE NO. 1:24-cv-173-DAS

VAULT E&S INSURANCE COMPANY DEFENDANT

ORDER GRANTING DEFENDANT'S OMNIBUS MOTION IN LIMINE [78]

Before the Court is Defendant's Omnibus Motions in Limine and Plaintiff's response. Having considered the parties' submissions, the Court's prior rulings, and the applicable law, the Court concludes the motion should be granted, subject to the limitations set forth below.

The posture of this case significantly narrows the issues to be presented at trial. By Memorandum Opinion and Order entered May 12, 2026, the Court granted summary judgment in favor of Vault on Plaintiff's bad-faith and punitive-damages claims but denied summary judgment as to Plaintiff's breach-of-contract claim. The Court also denied Plaintiff's motion to certify interlocutory review of those rulings. Accordingly, the issues remaining for trial concern Plaintiff's breach-of-contract claim—specifically, whether Plaintiff sustained covered damages under the Vault policy and, if so, the amount of those damages.

Vault first seeks to prohibit references to bad faith, punitive damages, wrongful claims handling, delay, failure to investigate, or other alleged misconduct in the handling of Plaintiff's insurance claim. Plaintiff does not oppose that request, provided Vault likewise does not place its claims-handling conduct at issue.

The motion is granted in that respect. Evidence or argument offered for the purpose of suggesting that Vault acted in bad faith, improperly delayed its investigation, inadequately investigated the claim, engaged in wrongful claims practices, or otherwise committed

misconduct in handling the claim is not relevant to the remaining breach-of-contract dispute and would risk confusing the issues presented to the jury. Likewise, neither party may attempt indirectly to retry the dismissed bad-faith claim through evidence or argument concerning the propriety or impropriety of Vault's claims-handling conduct.

This ruling does not, however, prohibit evidence necessary to establish the existence and alleged breach of the insurance contract. Plaintiff may present ordinary foundational and background evidence identifying Vault as the insurer, establishing the issuance and terms of the policy, identifying relevant Vault representatives, establishing that Plaintiff submitted a claim for benefits, and establishing that Vault did not pay the benefits Plaintiff contends were due. Those facts are inherent in the remaining contract claim. The distinction is between evidence establishing that a claim was made and was not paid, which may be relevant to breach, and evidence offered to characterize the manner in which Vault investigated or handled that claim as wrongful, dilatory, malicious, or otherwise improper.

Vault next seeks to preclude so-called Golden Rule and conscience-of-the-community arguments. Plaintiff does not oppose the request. The motion is therefore granted. Counsel may not ask jurors to place themselves in Plaintiff's position, decide the case according to how they would wish to be treated under similar circumstances, or return a verdict based upon a perceived obligation to speak for, protect, or vindicate the community. Such arguments improperly invite the jury to decide the case on considerations other than the evidence and the governing law.

Vault also seeks to prohibit references to its size, wealth, corporate status, or status as an out-of-state entity. Plaintiff likewise does not oppose this request. Because punitive damages are no longer at issue, Vault's wealth or financial condition has no apparent relevance to any issue remaining for trial. Nor is Vault's geographic identity relevant to whether Plaintiff sustained

covered damages under the policy. References or arguments calculated to emphasize Vault's wealth, corporate size, or status as an out-of-state company are therefore prohibited.

This ruling does not prohibit the parties from identifying Vault as a corporation or insurance company when reasonably necessary to explain the identity of the parties, the insurance policy, or the contractual relationship at issue. The Court merely precludes use of Vault's corporate identity, size, wealth, or geographic status as a basis for inviting an adverse inference or verdict.

Finally, Vault seeks to exclude evidence concerning emotional distress allegedly caused by the insurance investigation, claims-handling process, delay in payment, litigation, frustration with insurance, or the need to retain counsel. Plaintiff agrees that such extra-contractual matters are not part of the remaining claim, but requests clarification that the ruling does not extend to pain, suffering, mental anguish, or emotional distress caused by the underlying automobile collision and resulting bodily injuries.

The motion is granted subject to that distinction. Plaintiff may not seek damages for emotional distress or similar injuries allegedly caused by Vault's investigation, handling of the claim, refusal or delay in payment, this litigation, or the necessity of retaining counsel. Those matters concern claims the Court has dismissed and are not properly before the jury.

Nothing in this ruling, however, excludes otherwise admissible evidence of damages caused by the underlying motor-vehicle collision and Plaintiff's resulting bodily injuries. To the extent pain, suffering, emotional distress, or similar damages arising from the accident itself constitute damages Plaintiff is legally entitled to recover from the underinsured motorist and are otherwise recoverable under the policy, this Order does not exclude such evidence.

The Court emphasizes that an order in limine does not operate as a substitute for the Federal Rules of Evidence at trial. If either party believes that particular evidence arguably falls near the boundary established by this Order, counsel shall raise the matter with the Court outside the presence of the jury before introducing the evidence or referring to it in argument.

For the foregoing reasons, Defendant Vault E&S Insurance Company's Omnibus Motions in Limine are GRANTED subject to the limitations and clarifications stated herein.

SO ORDERED, this the 1st day of October, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE